IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOSE LUIS ORNELAS-RODRIGUEZ     *
        Petitioner,
v.                                  *    CIVIL ACTION NO. PJM-05-2094

UNITED STATES IMMIGRATION AND    *
CUSTOMS ENFORCEMENT,
        Respondent.             *
                                          ******

**MEMORANDUM OPINION**

On August 1, 2005, the Court received correspondence from Jose Luis Ornelas-Rodriguez, a Department of Homeland Security, Immigration and Bureau of Customs Enforcement ("ICE") detainee housed at the Wicomico County Detention Center, which was construed as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner claims that his detention is unconstitutional. He seeks his immediate removal to Mexico or release from detention until such time as his removal may be effected.[1] *Id*.

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held that INA § 241(a)(6), 8 U.S.C. § 1231(a)(6), read in light of the due process protections to be afforded to aliens who have been admitted into the United States, generally permits the detention of such an alien under a final order of removal only for a period reasonably necessary to bring about that alien's removal from the United States. *Id.* at 701. Associate Justice Stephen G. Breyer, writing for the majority, concluded that the detention of such an alien beyond the statutory removal period, for up to six months after the removal order becomes final, is "presumptively reasonable." *Id.* After six months, if an alien can provide "good reason to believe

---

[1] According to Petitioner, he is a citizen of Mexico who was released from the Federal Bureau of Prisons to ICE custody on June 14, 2005. He complains that other similarly situated detainees have been deported to Mexico before him.

that there is no significant likelihood of removal in the reasonably foreseeable future," the government must rebut the alien's showing in order to continue the alien in detention. *Id*.

Petitioner did not come into ICE custody until June 14, 2005. Under *Zadvydas* the constitutional challenge to his continued custody is premature. I find that his current detention violates neither procedural nor substantive due process. The petition for writ of habeas corpus shall be dismissed without prejudice.

Additionally, pursuant to established practice, Court personnel notified ICE authorities that this Petition had been filed. ICE District Counsel notified Court personnel that ICE was in receipt of travel documents for Petitioner and that Petitioner was scheduled to be removed from the United States on August 2, 2005. *Id.* The Court therefore finds that Petitioner's deportation moots his habeas corpus challenge to his continued ICE confinement.

A separate Order follows.

|  |  |
|---|---|
| __8/4/05__ | _____/s/_____ |
| Date | PETER J. MESSITTE |
|  | UNITED STATES DISTRICT JUDGE |